# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 1:23-cr-37 |
| v. | ) | |
| | ) | Judge Atchley/Steger |
| JARED BROOME | ) | |

## PLEA AGREEMENT

The United States of America by and through Francis M. Hamilton III, United States Attorney for the Eastern District of Tennessee, and Steven S. Neff, Assistant United States Attorney, and Jared Broome, the defendant, and Christopher Meadows, the defendant's attorney, have agreed upon the following:

1. The defendant will waive indictment and arraignment and plead guilty to a superseding information charging the defendant with the following offense:

Count _2_. Conspiracy to Commit Witness Tampering, in violation of 18 U.S.C. §§ 1512(k) and 1512(b)(1). The punishment for this offense is as follows. A maximum possible term of imprisonment of up to 20 years, a possible fine of up to $250,000, up to 3 years of supervised release, special assessment, forfeiture and restitution.

2. In consideration of the defendant's guilty plea, the United States agrees to dismiss Count One (Felon in Possession of a Firearm) of the Superseding Information against the defendant.

3. The defendant has read the Superseding Information and discussed the charges and possible defenses with defense counsel, and the defendant understands the crimes charged. Specifically, the elements of the offense of conviction are as follows:

<u>Conspiracy to Commit Witness Tampering: Title 18, United States Code, Sections 1512(k) and 1512(b)(1):</u>

a) That two or more persons agreed to commit a crime, that is, witness tampering, as charged in the superseding information. (AWitness Tampering≅ means to knowingly corruptly persuade another person, or attempt to corruptly persuade another person, or engage in misleading conduct toward another person with the intent to influence, delay, or prevent the testimony of any person in an official proceeding);

b) The defendant knowingly joined and participated in the conspiracy.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

On or about January 18, 2023, in the Eastern District of Tennessee, East Ridge Police officers arrested the defendant and subsequently conducted a search of the shed in which he was temporarily residing. The search yielded a Mossberg 500 12-gauge shotgun hidden behind the door.

After he was arrested, the defendant engaged in a series of phone calls placed from the detention facility in which he was housed in the Eastern District of Tennessee with others regarding the circumstances of his arrest and his current and future charges, including a possible federal prosecution.

During the month of February 2023, the defendant participated in a series of calls with various individuals, including relatives and friends. During these calls, the defendant made admissions about how he came to possess the shotgun and the fact that he placed it inside the shed where he had been staying. He further solicited the help of friends and encouraged various

individuals who did not have felony convictions themselves to come forward and falsely testify in an official proceeding that they had possessed the firearm and placed it where it was found by law enforcement without the defendant's knowledge. The defendant additionally offered a sum of $1,000 and/or ownership of his vehicle to anyone who would perform this task. At least one other individual agreed to the defendant's plan and consented to attempting to make the false claim himself or encourage another person to come forward to make the false claim in an official proceeding.

The defendant was in fact later indicted following testimony in the grand jury by a federal grand jury sitting in the Eastern District of Tennessee for being a felon in possession of a firearm. As part of this plea agreement, the defendant agrees that he engaged in a conspiracy to commit witness tampering in the Eastern District of Tennessee.

5. The defendant is pleading guilty because he—the defendant—is in fact guilty. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

    a. the right to plead not guilty;

    b. the right to a speedy and public trial by jury;

    c. the right to assistance of counsel at trial;

    d. the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e. the right to confront and cross-examine witnesses against the defendant;

    f. the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    g. the right not to testify and to have that choice not used against the defendant.

6. Pursuant to Rule 11(c)(1)(C), the defendant and the United States agree that a sentence of a twenty-seven (27) months' term of imprisonment and three (3) years of supervised release is the appropriate disposition of this case. Additionally, the Court may impose any lawful fine(s) and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate. In the event the Court declines to accept this agreement, either party will be free to withdraw from the plea agreement.

7. The defendant agrees to pay the special assessment in this case prior to sentencing.

8. The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (a) the victims of any offense charged in this case (including dismissed counts); and (b) the victims of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's charged offenses.

9. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial

Page 4 of 8

Case 1:23-cr-00037-CEA-CHS    Document 22    Filed 08/31/23    Page 4 of 8    PageID #: 83

obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this plea agreement, the defendant additionally agrees to the following specific terms and conditions:

    a. If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

    b. The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

    c. If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this plea agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

    a. The defendant will not file a motion for downward departure or variance

Page 5 of 8

Case 1:23-cr-00037-CEA-CHS   Document 22   Filed 08/31/23   Page 5 of 8   PageID #: 84

or a direct appeal of the defendant's conviction(s) or sentence. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

        b. The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction or sentence, with two exceptions: the defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct not known to the defendant by the time of the entry of judgment, and (ii) ineffective assistance of counsel.

        c. The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

    11. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this plea agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea as agreed herein, moving to withdraw guilty plea after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the plea agreement and may also enforce whatever parts of the plea agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that the United States dismissed and any other charges that the

United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea in this case.

12. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

13. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this plea agreement, are null and void.

[SIGNATURES ON FOLLOWING PAGE]

|  |  | FRANCIS M. HAMILTON III |
|  |  | United States Attorney |

31 AUG 23
_____
Date

By: _____
Steven S. Neff
Assistant United States Attorney

X 8/25/2023
_____
Date

X _____
Jared Broome
Defendant

8-28-2023
_____
Date

_____
Christopher Meadows
Attorney for the Defendant